N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JESSICA N. ROSS                                                                      PLAINTIFF

vs.                                    Civil No. 3:13-cv-03009

CAROLYN COLVIN                                                                      DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Jessica Ross ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Child Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her applications for benefits on April 20, 2010. (Tr. 10, 159-162). Plaintiff alleges being disabled due to bi-polar disorder. (Tr. 199). Plaintiff alleges an onset date of January 1, 2009. (Tr. 199). These applications were denied initially and again upon reconsideration. (Tr. 10). Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 90).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

An administrative hearing was held on December 15, 2011. (Tr. 31-68). At the administrative hearing, Plaintiff was present and was represented by attorney Frederick Spencer. *Id.* Plaintiff, her grandmother Virginia Lee Dearmore, and Vocational Expert ("VE")Monte Lumpkin, testified at this hearing. *Id.* On the date of this hearing, Plaintiff was twenty (20) years old and had a 10th grade education. (Tr. 34-35).

On January 11, 2012, subsequent to the hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 10-20). In this decision, the ALJ determined Plaintiff had not attained the age of 22 as of January 1, 2009, the alleged onset date. (Tr. 12, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2009. (Tr. 12, Finding 2).

The ALJ determined Plaintiff had severe impairment of bipolar disorder. (Tr. 12, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 14-18, Finding 5). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of work at all exertional levels, but can understand, remember, and carry out simple, routine, and repetitive tasks; respond to usual work situations and ordinary changes; have incidental contact with supervisors and coworkers, but no contact with the general public. (Tr. 14, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ

determined Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 19, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a kitchen helper with approximately 2,223 such jobs in Arkansas and 277,637 such jobs in the nation, hand packer with approximately 1,517 such jobs in Arkansas and 163,170 such jobs in the nation, and machine packager with approximately 966 such jobs in Arkansas and 43,430 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since January 1, 2009. (Tr. 20, Finding 11).

On January 20, 2012, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 157). On November 27, 2012, the Appeals Council declined to review this disability determination. (Tr. 1-3). On January 11, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 8, 2013. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

2.      **Applicable Law**:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past

relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the

Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**      **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by

substantial evidence in the record and should be reversed and remanded.  ECF No. 11, Pgs. 12-18.

Specifically, Plaintiff claims the ALJ erred (1) in failing to properly evaluate Plaintiff's mental

impairments in relation to her RFC, (2) in failing to find Plaintiff met a Listing, and (3) the ALJ's

decision is not supported by substantial evidence. *Id.*  In response, the Defendant argues the ALJ did

not err in any of his findings.  ECF No. 12.  Because this Court finds the ALJ erred in his RFC

determination and by failing to fully evaluate Plaintiff's Global Assessment of Functioning ("GAF")

scores, this Court finds Plaintiff's case must be reversed and remanded.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required

to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must

be based on medical evidence that addresses the claimant's ability to function in the workplace. *See*

*Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence

in the record' in determining the RFC, including 'the medical records, observations of treating

physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,*

377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).

In social security cases where a mental impairment is alleged, it is important for an ALJ to

evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to the claimed mental impairment.  GAF scores range from 0 to 100.  Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).  The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC.  *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)).  A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms.  Specifically, a person with that GAF score suffers  from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)."  Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

In the present action, Plaintiff was treated with inpatient care from February 20, 2009 through May 11, 2009 at Vista Health.  (Tr. 273-282).  She was admitted on a voluntary basis due to a worsening depressed mood and suicidal thinking.  (Tr. 274).  On admission, her GAF score was 20.

(Tr. 275).  During her admission, Plaintiff was assessed as having a GAF score of 23 and a score 40 at discharge.  (Tr. 276, 278).  These GAF scores represent "serious symptoms."  Throughout 2010 and 2011, Plaintiff's GAF scores were 50-55.  (Tr. 303, 308, 335, 341, 409, 416, 418, 456).

Other than stating Plaintiff's "GAF scores at Dayspring were consistently above 50" (Tr. 16), the ALJ failed to discuss or even mention Plaintiff's GAF scores in his opinion.  The ALJ made no mention of Plaintiff's GAF scores that were under 40 while admitted at Vista Health.  It was the ALJ's responsibility to evaluate Plaintiff's GAF scores and make a finding regarding its reliability as a part of the underlying administrative proceeding.  *See Conklin,* 360 F. App'x at 707.  Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with mood disorder, panic disorder, anxiety and bi-polar disorder.

Accordingly, because the ALJ was required to evaluate these scores and provide a reason for discounting the low GAF scores but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue.  *See Pates-Fires,* 564 F.3d at 944-45.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, must be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 9th day of May 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE